IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS MAGNOTTA | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 18-1025 |
| | : | |
| ROCKSOLID PARTNERS LLC, *et al.* | : | |

## ORDER

AND NOW, this 12th day of March 2018, upon reviewing the Complaint (ECF Doc. No.

1), and consistent with our independent obligation to ensure subject matter jurisdiction, it is

ORDERED Plaintiff shall, no later than March 20, 2018, either file an Amended Complaint

pleading the parties' citizenship and our venue or show cause in a memorandum not exceeding

seven (7) pages as to why we should not dismiss his case for lack of subject matter jurisdiction.[1]

_____
KEARNEY, J.

---

[1] Plaintiff alleges Defendant Rocksolid Partners, LLC "is a Pennsylvania Limited Liability Corporation, duly organized and existing under and by virtue of laws on the Commonwealth of Pennsylvania" at 976 Pottstown Pike, Chester Springs 19425. ECF Doc. No. 1, ¶ 2. Plaintiff alleges Defendant Matthew Cipirch is "the president and member of Rocksolid Partners, LLC but does not allege Defendant Cipirch's citizenship or whether Defendant Cipirch is the only member of Defendant Rocksolid Partners, LLC. *Id.* ¶ 3.

"[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Plaintiff fails to properly allege diversity because he fails to allege the citizenship of Defendant Cipirch and fails to allege whether Defendant Cipirch is the only member of Defendant Rocksolid, LLC or other members exist whose citizenship may destroy diversity. Absent allegations as to each Defendant's residence, we also cannot ascertain the propriety of venue under 28 U.S.C. § 1391 (a)(1).